IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HOWARD THOMPSON, III, #200503217, ) | Civil Action No. 3:06-1157-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOEY PRESTON, COUNTY ADM.; ) | |
| ROBERT DALY, ACDC DIR; ) | |
| NURSE FREEMAN, ACDC NURSE; AND ) | |
| CAPT. ARLETTE JONES (MED. DIR.), ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

This action was filed by Plaintiff on April 18, 2006.[1] He is a pretrial detainee at the Anderson County Detention Center ("ACDC"). Defendants are Anderson County Administrator Joey Preston ("Preston"), ACDC Director Robert Daly ("Daly"), ACDC nurse Tabitha Freeman ("Freeman"), and ACDC Captain Arlette Jones ("Jones"). On May 22, 2006, Defendants filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on May 24, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed response in opposition to Defendants' motion to dismiss on June 26, 2006.

STANDARD FOR MOTION TO DISMISS

In general, a motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Revene v. Charles County Comm'rs, 882 F.2d 870, 872. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130 (1993), cert. denied, American Home Prods. Corp. v. Mylan Labs., Inc., 510 U.S. 1197 (1994); see also Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. Estelle v. Gamble, 429 U.S. 97, 106-07 (1976); Haines v. Kerner, 404 U.S. 519 (1972). When, however, it appears to the court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have his or her motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Plaintiff appears to assert that Defendants were deliberately indifferent to his medical needs after he fell in the shower at ACDC. He writes:

> [I]n June of 2005, I slipped and fell getting out of the showers. I was mocked and jeered, because I fell, by other inmates. There were witnesses to my fall. Soon after my fall, I told the staff about the fall and pain that I was in. When I told them about the fall, the officers told me that, "there is nothing we can do until they have permission to transport you, Mr. Thompson." In order to transport me to the hospital, an investigation had to be conducted by Sgt. Clinkscales. When everyone was put in there rooms at 9:30 pm, my pain increased tremendously. My roommate, Cedrick Clinkscales, told them that I could not move anything from my neck to my feet. Officer James Moore brought Nurse Freeman to talk to me. She told me she will bring me a[n] Ibuprofen and see if it helps. She left and never came back. Officer Moore came and transported me to the Emergency Room at 3 am. Doctor seen [sic] me for one complete minute and discharged me at 3:45 am. I don't know if it was because I was in an orange jumpsuit (with ACDC on the back) with shackles. After the investigation by Sgt. Clinkscales, I was seen by the jail doctor, Doct[o]r Marlo DeCastro. He told me that I had a p[inched] nerve in my spine. How

2

      he determined that I do not know. No MRI. X-Ray yeah. I am still in pain and nothing is being done about it.

Complaint at 3-4.[2] Plaintiff requests better health care for himself and for others.[3] Complaint at 5. Defendants contend that their motion to dismiss should be granted because: (1) Plaintiff failed to exhaust all of his available administrative remedies;[4] (2) he fails to state a constitutional claim

---

[2] Plaintiff appears to make allegations against an unnamed physician at the emergency room and Dr. DeCastro. He has, however, not named these individuals as defendants in this action.

[3] Plaintiff, who has brought this action pro se, lacks standing to assert the claims of other detainees or inmates. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

[4] Defendants claim that Plaintiff failed to exhaust his administrative remedies because he did not pursue any administrative appeal of his grievance. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The Fourth Circuit, in Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674 (4th Cir. 2005), recently held that an inmate's failure to allege exhaustion does not constitute failure to state a claim and the failure to exhaust is an affirmative defense that should be pleaded or otherwise properly raised by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies." Id. at 683.
      There appears to be a genuine issue of material fact as to whether Plaintiff has exhausted his available administrative remedies. In his Complaint, Plaintiff checked that he had grieved the incident and had received a final disposition. Complaint at 2. In his opposition memorandum, Plaintiff also appears to allege that grievances are thrown away by ACDC detention officers.
(continued...)

sufficient to trigger the protections of the Eighth Amendment; (3) his complaint fails to allege or demonstrate a serious or significant physical or mental injury; (4) his complaint fails to allege specific facts sufficient to constitute a cause of action against any of the named Defendants; (5) to the extent his complaint is construed as a suit against state officials and employees acting in their official capacities, Defendants are protected by Eleventh Amendment immunity;[5] and (6) Defendants Daly, Jones, and Preston cannot be held liable on a theory of supervisory liability.

1.     Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his medical needs after he allegedly fell in the shower at ACDC. Defendants contend that Plaintiff fails to allege or demonstrate a serious or significant physical or mental injury. They also argue that Plaintiff has not alleged or demonstrated that any of Defendants knew of any specific risk of harm to him from the alleged incident.

---

[4](...continued)
Plaintiff's Opposition Memorandum at 4. Defendants have provided no copies of the grievance policy, no copies of grievances, and no other information to show that Plaintiff failed to exhaust his administrative remedies.

[5]When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989). A determination that the state treasury will be liable for judgment is largely, if not wholly, dispositive of entitlement to Eleventh Amendment immunity. See Gray v. Laws, 51 F.3d 426 (4th Cir. 1995). It is unclear whether Defendants are employees of the state and thus there is insufficient information provided to determine whether they are entitled to Eleventh Amendment immunity.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[6] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions

---

[6] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

> sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

6

Plaintiff's allegations fail to rise to the level of deliberate indifference to a serious medical need. First, Plaintiff has not alleged that he had a "serious" medical need. A "medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (quotations omitted).

Second, even if Plaintiff's medical needs were serious, his allegations do not rise to the level of deliberate indifference. Plaintiff admits that a nurse examined him after the incident and he was transported in the middle of the night to the hospital. He also admits that he later received medical attention from a physician at ACDC and an x-ray of his back was taken.[7]

To the extent that Plaintiff alleges that Defendant Freeman was negligent in failing to give him Ibuprofen on the night of the alleged incident, Plaintiff fails to state a constitutional claim. Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474

---

[7]Plaintiff's medical records were submitted by Preston, Daly, Jones, and former ACDC nurse Carol Roundtree in another action filed by Plaintiff. This court may take judicial notice of that action (Civil Action Number 3:06-01407-MBS-JRM). Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). Review of Plaintiff's medical records reveals that Plaintiff was treated in the emergency room at Anderson Area Medical Center on June 28, 2005. It was noted that Plaintiff had a history of scoliosis and chronic back pain. Naproxen and Flexeril were prescribed. Plaintiff was treated by ACDC medical personnel for complaints of neck and lower back pain on July 8, 2005. Neck and lumbar strain were assessed and Naproxen, Ultram, and Flexeril were prescribed. On August 25, 2005, Plaintiff was treated for persistent, but better, lower back pain. An extra mattress and x-rays were prescribed. On August 26, 2005, x-rays of Plaintiff's lumbar spine were unremarkable and x-rays of his thoracic spine showed a mild levocurvature with no evidence of compression fracture, lytic, or blastic lesion. Plaintiff's Medical Records (Attachment to Civil Action Number 3:06-1407-MBS-JRM).

U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Further, medical malpractice is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

In his opposition memorandum, Plaintiff complains that Dr. DeCastro diagnosed him with a pinched nerve without an MRI. He claims that a pinched nerve diagnosis requires an MRI. Additionally, Plaintiff claims that any serious impact to the spinal cord or back causes instant serious injury and would need to be operated on as soon as possible.

Dr. DeCastro has not been named as a defendant in this action. Further, Plaintiff appears to merely disagree with the type and amount of medical treatment he received. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). The provision of medical care by prison officials is not discretionary, but the type and amount of medical care is discretionary. See Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994). A disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Although Plaintiff believes that he should have received different medical treatment, his allegations do not rise to the level of a constitutional violation.

2.        Failure to State Claim/Respondeat Superior

Defendants Preston, Daly, and Jones contend that Plaintiff fails to state a claim against them and they cannot be held liable under § 1983 under a theory of supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendants Preston, Jones, or Daly were personally responsible for any of the alleged incidents. Further, Plaintiff has not shown that these Defendants were deliberately indifferent to, or tacitly authorized, any of these alleged actions or inactions. Thus, Plaintiff cannot show that Defendants Preston, Jones, or Daly are liable on a theory of respondeat superior or supervisory liability.

3.        Grievances

In his memorandum in opposition to Defendants' motion to dismiss, Plaintiff appears to claim that his grievances were not processed. This claim, which was not alleged in Plaintiff's complaint, does not appear to be properly before this court. Further, allegations that Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax,

Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

## CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion to dismiss (Doc. 9) be granted.

> Respectfully submitted,
>
> s/Joseph R. McCrorey
> United States Magistrate Judge

January 31, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).